02-12-20

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, a business entity; DOES 1 through 50, Inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEFFREY JONES, an individual;

<table>
<tr><td>
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)<br><br>
ELECTRONICALLY FILED<br>
Superior Court of California<br>
County of Santa Barbara<br>
Darrel E. Parker, Executive Officer<br>
2/4/2020 2:21 PM<br>
By: Lorena Morrison, Deputy
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Barbara
312-C East Cook Street
Santa Maria, California 93454

**CASE NUMBER:**
*(Número del Caso):* 20CV00642

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Bradley D. Liggett, SBN 259274
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HARRIS PERSONAL INJURY LAWYERS
1025 Farmhouse Lane, Second Floor, SAN LUIS OBISPO, CA 93401          805-544-0100

| DATE: *(Fecha)* | 2/4/2020 | Clerk, by *(Secretario)* | /s/ Lorena Morrison | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify)* **Costco Wholesale Corporation, a business entity**

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 02-12-20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
2/4/2020 2:21 PM
By: Lorena Morrison, Deputy

1 | Bradley D. Liggett, SBN 259274
2 | Ryan D. Harris, SBN 217154
Harris Personal Injury Lawyers, Inc.
3 | 1025 Farmhouse Lane, 2F
4 | San Luis Obispo, CA 93401
Telephone: (805) 544 0100
5 | Fax:     (805) 544 0101

6 | Attorneys for Plaintiff
7 | *Jeffrey Jones*

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF SANTA BARBARA – COOK DIVISION

11

12 | JEFFREY JONES, an individual;

CASE NO.:

13 | Plaintiff,

**COMPLAINT FOR DAMAGES**

14 | vs.

1.   Negligence

15 | COSTCO WHOLESALE CORPORATION, a
16 | business entity; and DOES 1 through 50,
Inclusive;
17

18 | Defendants.

.19

20 | Plaintiff JEFFREY JONES alleges as follows:

21 | **THE PARTIES**

22 |     1.     Plaintiff JEFFREY JONES ("Plaintiff") is an individual residing in Lompoc,
23 | California.

24 |     2.     On information and belief, Defendant COSTCO WHOLESALE CORPORATION
25 | is a business entity doing business in Santa Barbara County, California formed in the State of
26 | Washington as a corporation.

27 | ///

28 | ///

Complaint for Damages

t

3.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. (Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiffs injuries as herein alleged were proximately caused by their acts). Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants sued herein as DOES 1 through 50, inclusive, was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment. The allegations of this Complaint which reference "Defendant" or "Defendants" or a specifically named Defendant, shall refer to all Defendants, including Defendants named herein as DOES.

4.      It is understood and believed that Defendants owned, leased, maintained, operated, controlled, repaired, supervised, managed, and/or occupied the real property known as 1700 South Bradley Road, in the City of Santa Maria, County of Santa Barbara, State of California, upon which Plaintiff's injuries occurred on the date of the incident.

5.      Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each Defendant sued herein was the agent, servant, employer, joint venture, partner, owner, subsidiary, alias, and/or alter ego of each of the remaining Defendants and was, at all times, acting within the purpose and scope of such employment, agency, servitude, ownership, subsidiary, alias, and/or alter ego and with the authority, consent, approval, control, influence, and ratification of each of the remaining Defendants herein.

6.      Plaintiff is informed and believes and thereon alleges that DOES 1 through 50, inclusive, include, but are not necessarily limited to, employees, agents, persons, subsidiaries, representatives, affiliates, partners, distributors, vendors, and/or agents who are each under the direct control of the Defendants.

///

///

Complaint for Damages

2

7.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the premises where the subject incident occurred is located within the judicial district of the above-entitled court. The premises where the subject incident occurred, was in the exclusive care and custody of Defendants.

8.     Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each Defendant was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the scope of such agency and employment.

## VENUE

9.     At all times herein mentioned, the incident on which this action is based occurred within the boundaries of the Superior Court of the State of California, County of Santa Barbara, said incident occurring on the premises located at 1700 South Bradley Road in the City of Santa Maria, County of Santa Barbara, State of California.

## GENERAL ALLEGATIONS

10.     Plaintiff incorporates herein by reference all paragraphs hereinabove as if fully set forth herein.

11.     At all times mentioned herein, "Defendants" refers to COSTCO WHOLESALE CORPORATION, and DOES 1 through 50, inclusive.

12.     At all times mentioned herein, Defendants owned and/or controlled and/or maintained the property at 1700 South Bradley Road in the City of Santa Maria, County of Santa Barbara, State of California, at or near the real property commonly referred to as Santa Barbara Assessor's Parcel 128-190-007 ("THE PREMISES").

13.     On or about February 7, 2018, a foreign substance on the ground at the property caused Plaintiff to slip, ultimately causing Plaintiff to fall, causing serious bodily injury to Plaintiff.

14.     At all times herein mentioned Defendants owed Plaintiff a duty of care.

///.

///

Complaint for Damages

3

## FIRST CAUSE OF ACTION

## NEGLIGENCE

*(Against Defendants COSTCO WHOLESALE CORPORATION, a corporation; and DOES 1 through 50)*

15.     Plaintiff hereby incorporates by reference all above paragraphs as though fully set forth herein.

16.     At all times herein mentioned, Defendants and their employees, did so own, maintain, lease, rent, operate, control, repair, supervise, manage and/or occupy THE PREMISES.

17.     Defendants and their employees, in owning, maintaining, leasing, renting, operating, controlling, repairing, supervising, managing and/or occupying THE PREMISES owed a duty to Plaintiff.

18.     Defendants and their employees, in owning, maintaining, leasing, renting, operating, controlling, repairing, supervising, managing and/or occupying THE PREMISES failed to use reasonable care to keep THE PREMISES in a reasonably safe condition.

19.     Defendants and their employees in owning, maintaining, leasing, renting, operating, controlling, repairing, supervising, managing and/or occupying THE PREMISES failed to use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm Plaintiff.

20.     Defendants and their employees in owning, maintaining, leasing, renting, operating, controlling, repairing, supervising, managing and/or occupying THE PREMISES created an unreasonable risk of harm to Plaintiff.

21.     Defendants and their employees in owning, maintaining, leasing, renting, operating, controlling, repairing, supervising, managing and/or occupying THE PREMISES knew, or through the exercise of reasonable care, should have known about the unsafe condition of the foreign substance on the floor at THE PREMISES.

///

///

///

22.   Defendants and their employees in owning, maintaining, leasing, renting, operating, controlling, repairing, supervising, managing and/or occupying THE PREMISES knew or should have known about the unreasonable risk of harm created by the foreign substance on the floor located at THE PREMISES.

23.   At said times and places, Defendants and their employees knew, or through the exercise of reasonable care, should have known, the foreign substance on the floor would have created a dangerous and unsafe condition considering the location and purpose of the floor, including customer use.

24.   Defendants and their employees in owning, maintaining, leasing, renting, operating, controlling, repairing, supervising, managing and/or occupying THE PREMISES knew or should have known about the unreasonable risk of harm created by the foreign substance on the floor located at THE PREMISES.

25.   At all times mentioned herein, Defendants and their employees maintained the floor in such a negligent manner as to cause and allow the foreign substance on the floor to be unmarked with warnings or visible markings, directly resulting in Plaintiff's injuries.

26.   At all times mentioned herein, Defendants and their employees maintained THE PREMISES in such a negligent manner as to cause a foreign substance to exist on the floor of THE PREMISES.

27.   Defendants and their employees in owning, maintaining, leasing, renting, operating, controlling, repairing, supervising, managing and/or occupying THE PREMISES created an unreasonable risk of harm including the foreign substance on the floor, which was the actual and proximate causes of the injuries Plaintiff sustained.

28.   Defendants and their employees in owning, maintaining, leasing, renting, operating, controlling, repairing, supervising, managing and/or occupying THE PREMISES failed to take reasonable precautions to protect Plaintiff against the risk of the unreasonable harm, which is responsible for the injury caused by the dangerous and unsafe conditions.

///

///

29.    At said times and places, Defendants and their employees negligently, carelessly, and without due care or regard for the life, safety, and the rights of Plaintiff, failed to maintain THE PREMISES in a safe manner, causing and/or contributing to the incident, all of which caused serious injuries to Plaintiff.

30.    Despite such duties owed by Defendants and their employees, including but not limited to those duties owed to Plaintiff, breached said duties by, amongst other things: (1) failing to properly maintain THE PREMISES; (2) failing to warn Plaintiff of the hazardous conditions by using warning signs, visual markings, or other demarcation; (3) failing to keep the area inaccessible to the public; (4) failing to properly inspect THE PREMISES; and (5) failing to properly remove the foreign substance from the floor; Defendants and their employees created the dangerous conditions which caused Plaintiff's injuries.  As such, Defendants and their employees maintained THE PREMISES in such a manner so as to create, cause, allow, contribute to, or assist in the creation of a dangerous condition on THE PREMISES, which existed upon THE PREMISES in sufficient time for the Defendants, and each of them, to have actual and/or constructive notice of such condition, and/or to warn Plaintiff of the existence of such conditions, which Defendants, and all of them, negligently and carelessly failed to do.

31.    Further, Defendants and their employees failed to exercise ordinary care in the maintenance of THE PREMISES by failing to set out warning signs, marking delineators, adequate lighting and/or any warnings to Plaintiff that the condition of THE PREMISES failed to meet the minimum standards of safety as set forth in the appropriate health and safety codes.

32.    At the time of Plaintiff's injury, Defendants and their employees knew or should have known that THE PREMISES was no longer safe and constituted a dangerous condition with an unreasonable risk of harm presented to the persons on THE PREMISES. Further, the Defendants and their employees knew or should have known that the persons on THE PREMISES would be unaware of the dangerous condition presented by the foreign substance on the floor.  Defendants and their employees negligently failed to take actions to either make the conditions safe or warn the Plaintiff and others of the dangerous conditions, all of which caused the Plaintiff to suffer serious injuries and damages described herein.

33.     By virtue of their status as owners, maintainers, lessors, renters, operators, controllers, repairers, supervisors managers and/or occupiers of THE PREMISES, Defendants and their employees are responsible for the dangerous and defective conditions that existed upon THE PREMISES, including but not limited to, failing to properly warn of the foreign substance on the floor, failing to properly inspect the subject premises, and failing to install proper safeguards to prevent incidents, similar to the incident which caused Plaintiff's injuries.

34.     As a proximate result of the negligence of the Defendants, their employees and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical distress, emotional distress and nervous pain and suffering.  Plaintiff is informed and believes and thereon alleges, that said injuries will result in some permanent disability to said Plaintiff, all in addition to his general damages in an amount to be proven at trial.

35.     As a proximate result of the negligence of the Defendants, their employees and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

36.     As a further proximate result of the negligence of the Defendants, their employees, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown but which will be proven at the time of trial.

37.     As a further proximate result of the negligence of the Defendants, their employees, and each of them, Plaintiff has suffered and will continue to suffer economic damages and loss of earnings in an amount presently unknown but which will be proven at the time of trial.

38.     As a further proximate result of the negligence of the Defendants, their employees, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

### JURY DEMAND

39.     Plaintiff demands a trial by jury on all claims so triable.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. General damages to Plaintiff, according to proof;.

2. Economic damages to Plaintiff, according to proof;

3. Medical and related expenses of Plaintiff, according to proof;

4. Loss of earnings of Plaintiff, according to proof;

5. Loss of earning capacity of Plaintiff, according to proof;

6. Costs of suit herein;

7. Prejudgment interest;

8. Such other further relief as the Court deems just and proper.

Dated: February 4, 2020

Harris Personal Injury Lawyers, Inc.

Bradley D. Liggett
Attorney for Plaintiff

Complaint for Damages

8